ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| JOSÉ CARLOS ROMÁN RODRÍGUEZ  Recurrente  V.  VILLA VICTORIA AUTO, INC. CARIBE FEDERAL CREDIT UNION  Recurridos | KLRA202400154 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor  Caso Núm.: SAN2022-0012506  Sobre: COMPRA VENTA DE VEHÍCULOS DE MOTOR |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece ante *nos*, el señor José Carlos Román Rodríguez (recurrente) por derecho propio mediante una solicitud de *Revisión de Decisión Administrativa*. Nos solicita la revocación de la *Resolución* emitida el 29 de enero de 2024 por el Departamento de Asuntos del Consumidor (DACo). Mediante dicho dictamen, el DACo ordenó el cierre y archivo de la *Querella* por el incumplimiento de la parte recurrente con la *Orden* emitida el 1 de diciembre de 2023.

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, desestimamos el recurso de revisión judicial por falta de jurisdicción.

**I.**

El 27 de octubre de 2022, la parte recurrente presentó una *Querella* ante el DACo en contra de Villa Victoria Auto Sales, Inc. (Villa Victoria) y Caribe Federal Credit Union. A grandes rasgos, alegó que acudió al establecimiento de Villa Victoria en donde solicitó las reparaciones de su vehículo de motor RAM modelo 1500

Laramie 2016. Sin embargo, aseveró que el mecánico no logró explicarle cuáles piezas de su automóvil fueron reparadas. Destacó que, al solicitar el *JOB* de la reparación realizada, Villa Victoria le indicó que no trabajaba ese tipo de documentación y que debía confiar en lo informado verbalmente por el mecánico. Sostuvo, además, que al salir del establecimiento notó que el vehículo presentaba aún desperfectos mecánicos. Puntualizó que intentó comunicarse con el departamento de servicio al cliente de Villa Victoria, sin embargo, sus esfuerzos resultaron infructuosos.

En respuesta, Villa Victoria y Caribe Federal Credit Union presentaron sus *Contestaciones a Querella.* En vista de lo anterior, las partes fueron citadas por el DACo para realizar una inspección del vehículo en las instalaciones de Villa Victoria.

Luego de una serie trámites procesales, el 1 de diciembre de 2023, el DACo emitió una *Orden* en la cual requirió a las partes mantener respeto, deferencia y decoro en la presentación de sus escritos. Además, decretó que la parte recurrente cesara y desistiera del envío de correos electrónicos a funcionarios del DACo. A pesar del apercibimiento, el 3 de enero de 2024, la parte recurrente incumplió la *Orden* emitida por el DACo el 1 de diciembre de 2023, pues remitió nuevamente un correo electrónico al funcionario del DACo. Más adelante, el 9 de enero de 2024, la parte recurrente quebrantó de nuevo la precitada orden al enviar al Juez Administrativo un correo electrónico. En consecuencia, el 29 de enero de 2024, el DACo emitió una *Resolución* en la cual ordenó el cierre y archivo de la *Querella* por el reiterado el incumplimiento de la parte recurrente con la *Orden* agencial.

En desacuerdo, el 15 de febrero de 2024, la parte recurrente presentó ante el DACo una *Moción en Solicitud de Reconsideración a Desestimación de Querella.* Evaluados sus argumentos, el 21 de febrero de 2024, el ente administrativo emitió una *Resolución en*

*Reconsideración* declarando *No Ha Lugar* la petición sometida por la parte recurrente.

Inconforme aún, el 25 de marzo de 2024, el señor Román Rodríguez acudió ante nos mediante *Revisión de Decisión Administrativa*. En dicho escrito, señaló la comisión de los siguientes errores:

> **El DACO erró y actuó arbitrariamente al transferir el caso a la oficina regional de Caguas y designar al juez administrativo, Lcdo. Samuel González González.**

> **El DACO erró al no recursar al juez administrativo por crear la apariencia de que se celebraría una inspección del vehículo cuando la evidencia apunta a que fue una convocatoria exparte con la aparente intención de que el querellante no acudiera y tener una razón para cerrar el caso.**

Presentado el recurso administrativo, el 10 de abril de 2024, la Secretaria de este Tribunal cursó al recurrente una *Carta de Trámite Notificando Deficiencia en Escrito Presentado en el Tribunal de Apelaciones*. Entre otras deficiencias, señaló que no incluyó en la portada la dirección de las partes conforme al reglamento del tribunal intermedio.

Eventualmente, el 17 de abril de 2024, Caribe Federal Credit Union (CFCU) presentó una *Moción de Desestimación*. En esencia, argumentó que la parte recurrente no le notificó sobre la presentación del escrito de reconsideración ante la agencia. Por lo anterior, razonó que el 28 de febrero de 2024 la *Resolución* advino final y firme. De igual modo, adujo que tampoco le notificó adecuadamente en torno a la presentación del recurso de revisión judicial. En particular, arguyó que no identificó el método mediante el cual notificó el escrito ni indicó quiénes fueron notificados. En vista de los anterior, planteó que el tribunal intermedio carece de jurisdicción y solicitó la desestimación del caso de epígrafe.

Así las cosas, el 18 de abril de 2024, esta Curia emitió una *Resolución* en la cual ordenó al recurrente a subsanar las

deficiencias señaladas en la carta de la secretaría del foro apelativo. Consecutivamente, el 22 de abril de 2024, el señor Román Rodríguez sometió una *Moción en Cumplimiento de Resolución* acompañada de una portada cuyo contenido exhibe las aparentes direcciones de las partes y los correos electrónicos de los representantes legales de la entidad recurrida.

Con posterioridad, este Tribunal atendió la *Moción de Desestimación* presentada por CFCU. Evaluada dicha solicitud, el 25 de abril de 2024, emitimos una *Resolución* ordenando al recurrente a acreditar dentro del término de (5) días que notificó a la parte recurrida a tenor con la Regla 58 del Tribunal de Apelaciones. En respuesta, el recurrente sometió el 29 de abril de 2024 una *Moción en Réplica a Caribe Federal Credit Union, Inc.* acompañada de evidencia documental. Aseguró que notificó la presentación del recurso apelativo a través de los correos electrónicos previamente utilizados por las partes en el proceso ante la agencia recurrida.

El 2 de mayo de 2024, CFCU presentó un *Escrito en Apoyo a Desestimación.* Nuevamente señaló que la parte recurrente no ha notificado el recurso apelativo a los abogados de récord. Ante tales alegaciones, el 6 de mayo de 2024, el señor Román Rodríguez presentó una *Moción en Réplica a Caribe Federal Credit Union Inc.*, con documentos adjuntados. En ésta, reiteró que notificó la presentación del recurso apelativo a través de los correos electrónicos que emplearon anteriormente los abogados para notificar las contestaciones a la querella administrativos. En esa misma fecha, presentó una *Moción en Cumplimiento de la Resolución* del 25 de abril de 2024, en la cual replicó los argumentos antes reseñados.

**II.**

## A. Jurisdicción en la esfera judicial

La jurisdicción es el poder o la autoridad que ostentamos para decidir un caso o controversia. *Báez Figueroa v. Administración de Corrección*, 209 DPR 288, 298 (2022). A esos efectos, debemos ser celosos guardianes de nuestra propia jurisdicción. *Fideicomiso de Conservación de Puerto Rico v. Estado Libre Asociado de Puerto Rico*, 211 DPR 521, 530 (2023). Las cuestiones relativas a la jurisdicción son privilegiadas y deben resolverse con preferencia a cualesquiera otras. *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

Cabe destacar que, los entes adjudicativos no poseen discreción para asumir la jurisdicción en aquellas circunstancias en que no la tienen. *Rivera Marcucci v. Suiza Dairy*, 196 DPR 157, 165 (2016). La falta de tal autoridad "no es susceptible de ser subsanada". *S.L.G. Szendrey Ramos v. F. Castillo, supra*, pág. 883. En tales contextos, corresponde desestimar la reclamación sin entrar en los méritos de la cuestión ante sí. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

## B. Reglamento del Tribunal de Apelaciones

El Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXI B, establece que las "reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía". No obstante, las normas sobre el perfeccionamiento de los recursos ante el Tribunal de Apelaciones deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Pérez Soto v. Cantera Pérez, Inc.*, 188 DPR 98, 105 (2013); *Lugo Rodríguez v. Suárez Camejo*, 165 DPR 729, 737 (2005). La inobservancia de estas exigencias reglamentarias incide en la jurisdicción a nivel apelativo. Es decir, el incumplimiento de estas reglas "impide que el Tribunal

de Apelaciones pueda atender la controversia que se le presenta".
*Pérez Soto v. Cantera Pérez, supra*, pág. 105.

**C. La adecuada notificación a la parte contraria respecto al recurso apelativo presentado**

Los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 551 (2017). La adecuada notificación es un imperativo, pues coloca a la parte contraria en conocimiento del recurso que solicita la revisión. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). En vista de lo anterior, deben observarse rigurosamente las disposiciones reglamentarias respecto a la presentación de recurso en el foro apelativo. Véase *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011).

A esos fines, la Regla 58(b)(1) del Tribunal de Apelaciones, 4 LPRA Ap. XXI B, dispone que la parte recurrente notificará el escrito de revisión debidamente sellado con la fecha y hora de su presentación a los abogados de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo éste un término de cumplimiento estricto.

De igual modo, la Regla 58(b)(2) del precitado cuerpo reglamentario ordena la notificación de recurso presentado mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. 4 LPRA Ap. XXI B. Dicha regla añade que se podrán utilizar los métodos de correo ordinario, entrega persona, telefax o correo electrónico de conformidad a la Regla 13(B). 4 LPRA Ap. XXI B.

En lo pertinente, la Regla 13(B)(2) del Tribunal de Apelaciones, *supra*, preceptúa las formalidades relacionadas con el

procedimiento de notificación mediante el sistema de correo electrónico:

> La notificación mediante correo electrónico deberá hacerse a la dirección electrónica correspondiente de los abogados o abogadas que representen a las partes o al de la partes, de no estar representadas por abogado o abogada, cuando las partes a ser notificadas hubieren provisto al tribunal una dirección electrónica y así surja de los autos del caso ante el Tribunal de Primera Instancia. 4 LPRA Ap. XXI B.

Según la Regla 13(B)(3) del Tribunal de Apelaciones, *supra,* **cuando la notificación se efectúa por correo electrónico, será válida si no hubiere controversia sobre la fecha de la notificación ni sobre el hecho de haber sido recibida por su destinatario**. (Énfasis nuestro). Efectuado el trámite discutido, la Regla 58(B)(4) del Tribunal de Apelaciones, *supra,* establece el procedimiento vinculado con la certificación de notificación:

> La parte recurrente certificará al Tribunal de Apelaciones en el escrito de revisión el método mediante el cual notificó o notificará a las partes, y el cumplimiento con el término dispuesto para ello.
>
> La parte recurrente podrá certificar al tribunal en una moción suplementaria cualquier cambio en cuanto a la certificación original dentro de los tres días laborables siguientes al día de la presentación del escrito de revisión. El término aquí dispuesto será de cumplimiento estricto.

Cónsono con lo anterior, la Regla 12.1 de Tribunal de Apelaciones, *supra,* incorpora la normativa atinente a la interpretación de las disposiciones sobre notificación y forma:

> Las disposiciones sobre los requisitos de notificación a las partes y al Tribunal, y los de forma dispuestos en el Reglamento del Tribunal de Apelaciones de 1996, en las Reglas de Procedimiento Civil, en las Reglas de Procedimiento Criminal para los recursos de apelación, certiorari y de revisión judicial, deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos. **Por causa debidamente justificada, el Tribunal de Apelaciones deberá proveer una oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes**. (Énfasis nuestro).

En este procedimiento, "la fecha que el Tribunal de Apelaciones tiene que constatar es aquella en la que se hizo la notificación, no la fecha en que la otra parte la recibió". *Montañez Leduc v. Robinson Santana, supra,* pág. 560.

**D. El efecto interruptor de la reconsideración presentada ante el foro administrativo**

La Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA sec. 9655, permite a la parte adversamente afectada por un dictamen administrativo, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración. Consecuentemente, la petición de reconsideración presentada ante la agencia interrumpe el término para solicitar la revisión judicial del dictamen administrativo. *Hosp. Dr. Domínguez, Inc. v. Ryder,* 161 DPR 341, 348 (2004). Ahora bien, el efecto interruptor de la solicitud de reconsideración no es automático. La interrupción "ocurrirá siempre y cuando se cumplan con los requisitos de fondo expuestos en la regla*". Rivera Marcucci v. Suiza Dairy, supra*, pág. 167.

En lo concerniente, "unas de esas especificidades es el requisito de notificación". Íd., pág. 168. Aunque la notificación dentro del término fijado para presentar la moción no es de carácter jurisdiccional, sí es de cumplimiento estricto. *Febles v. Romar*, 159 DPR 714, 719 (2003). El requisito de adecuada notificación les provee la oportunidad a las otras partes a expresarse y les alerta sobre la posibilidad de que el término jurisdiccional para presentar el recurso de revisión se interrumpa. *Rivera Marcucci v. Suiza Dairy, supra*, pág. 169.

**III.**

En el presente caso, el CFCU solicita la desestimación del recurso de revisión judicial, toda vez que el señor Román Rodríguez no le notificó respecto a su presentación ante el tribunal intermedio. Alega, además, que no recibió notificación sobre la presentación de la solicitud de reconsideración ante el DACo. En vista de ello, contiende que la reconsideración presentada no tuvo efecto interruptor sobre el término para recurrir al foro apelativo.

Luego de evaluar detenidamente el expediente ante nuestra consideración, resolvemos que carecemos de jurisdicción para atender el recurso presentado. La parte recurrente quebrantó las disposiciones contenidas en el Reglamento del Tribunal de Apelaciones respecto al perfeccionamiento de recursos. En específicos, determinamos que no notificó adecuadamente a la parte recurrida en torno a la solicitud de *Revisión de Decisión Administrativa* presentada en su contra.

A pesar de las múltiples oportunidades que le concedimos para corregir las deficiencias y responder a las alegaciones esbozadas por CFCU, el recurrente incumplió con el deber de notificación adecuada. Surge del expediente apelativo, que sometió una serie de mociones acompañadas de alegados documentos acreditativos de la notificación. Sin embargo, no establece que cumplió con dicha exigencia de conformidad con la Regla 58 del Tribunal de Apelaciones, *supra.* Las mociones sometidas con los documentos adjuntos no ilustran las fechas indicativas a la notificación de la parte contraria.

Tampoco presentó una certificación de cumplimiento de dicho requisito a tenor con la Regla 58(b)(4) del Tribunal de Apelaciones. Meramente alude a que notificó al correo electrónico de los abogados de récord sobre la presentación del recurso apelativo. Sin embargo, destacamos que revisamos minuciosamente la documentación

sometida, y no alcanzamos a constatar que la parte contraria tenía conocimiento del proceso apelativo instado en su contra. De los documentos presentados no surge la fecha en que efectuó la notificación. De igual modo, no logramos acreditar que los representantes legales de CFCU recibieron la notificación directamente a los correo electrónicos previamente utilizados ante la agencia recurrida.

Recordemos, pues, que la Regla 13(B)(3) del Tribunal de Apelaciones, *supra*, permite la notificación mediante el método de correo electrónico siempre y cuando no medie controversia sobre la fecha de la notificación ni sobre el hecho de haber sido recibida por su destinatario. En el caso de epígrafe, la inadecuada notificación ha generado una controversia de tal grado que nos priva de aceptar el razonamiento esgrimido por el recurrente. En vista de lo anterior, resolvemos que el presente recurso no se encuentra perfeccionado, y en efecto, no podemos acoger la solicitud de revisión judicial presentada.

Por último, nos percatamos mediante las alegaciones de CFCU que estos tampoco recibieron notificación respecto a la solicitud de reconsideración presentada ante el organismo administrativo. Tras revisar el expediente apelativo, advertimos que no obra notificación en torno a la aludida solicitud. Ante tal escenario, determinamos que la reconsideración administrativa presentada sin debida notificación a la parte no tuvo el efecto de interrumpir el término para recurrir ante el Tribunal de Apelaciones. Por consiguiente, el dictamen agencial advino final y firme el 28 de febrero de 2024. Le correspondía al recurrente presentar y notificar su petición de *Revisión de Decisión Administrativa* dentro del término contado a partir de la notificación de la resolución agencial.

A la luz del marco legal reseñado y la realidad fáctica detallada, nos vemos imposibilitados de ejercer nuestras facultades

revisoras. La ausencia de jurisdicción se ha configurado por la falta de notificación adecuada a la parte recurrida. Lo anterior conlleva la desestimación del recurso presente al amparo de la Regla 83(B) del Tribunal de Apelaciones, *supra.*

## IV.

Por los fundamentos que anteceden, *desestimamos* el recurso de apelación por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones