EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Hospital Dr. Domínguez, Inc.<br><br>    Recurrido<br><br>            v.<br><br>Ryder Memorial Hospital, Inc.<br><br>    Peticionario | Certiorari<br><br>2004 TSPR 35<br><br>161 DPR _____ |

Número del Caso: CC-2003-893

Fecha: 4 de marzo de 2004

Tribunal de Circuito de Apelaciones:
                        Circuito Regional VI

Juez Ponente:

                Hon. Andrés E. Salas Soler

Abogada de la Parte Peticionaria:

                Lcda. Heyda Vigil Mc.Clin

Abogado de la Parte Recurrida:

                Lcdo. Salvador F. Rovira Rodríguez


Materia: Falta de Jurisdicción


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Hospital Dr. Domínguez,
Inc.

  Recurrido

    vs.          CC-2003-893   Certiorari

Ryder Memorial Hospital,
Inc.

  Peticionario


Opinión del Tribunal emitida por el Juez Asociado señor Fuster Berlingeri.

(Regla 50)

San Juan, Puerto Rico, a 4 de marzo de 2004.


  Tenemos la ocasión para resolver si lo dispuesto en la Regla 46 de Procedimiento Civil de Puerto Rico sobre cuándo comienza a transcurrir el término para la revisión judicial aplica también a los dictámenes de las agencias administrativas del país.

I

  El 25 de marzo de 2003, el Secretario de Salud otorgó un Certificado de Necesidad y Conveniencia al Hospital Dr. Domínguez de Humacao, autorizándolo a añadir treinta camas de uso general a sus facilidades. La resolución correspondiente fue archivada en autos el 26 de marzo de 2003, y depositada en el correo el 27 de marzo de 2003.

Por no estar de acuerdo con la referida decisión del Secretario de Salud, Ryder Memorial Hospital, Inc. (en adelante Ryder) presentó un recurso de revisión ante el Tribunal de Circuito de Apelaciones el 28 de abril de 2003. Poco después, el foro apelativo desestimó el recurso de Ryder por entender que no tenía jurisdicción para considerarlo, ello debido a que el recurso supuestamente se había presentado unos días tarde.

Ryder entonces solicitó del foro apelativo la reconsideración del dictamen referido antes. Hizo hincapié en que para calcular el término para presentar el recurso de revisión en cuestión **debía tomarse la fecha en la cual la resolución administrativa fue depositada en el correo** y no la fecha en que ésta fue archivada en autos, tal como se hace con los dictámenes judiciales conforme a lo dispuesto en la Regla 46 de Procedimiento Civil. El foro apelativo denegó también esta moción de reconsideración.

Inconforme con el dictamen del foro apelativo, Ryder acudió ante nos mediante una petición de certiorari presentada oportunamente y expuso el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Circuito de Apelaciones al desestimar el recurso de revisión que presentó ante su consideración el peticionario Ryder Memorial Hospital, Inc., ya que no habiendo simultaneidad entre los actos de archivo en autos de la decisión administrativa y la notificación mediante su depósito en el correo, el término para presentar el recurso ante dicho Foro comenzaba a decursar a partir del depósito en el correo y por tanto expiraba el 28 de abril de 2003, fecha en que se presentó el recurso, y no el 25 de abril de 2003, como determinó dicho Foro.

El 16 de diciembre de 2003, la recurrida también compareció ante nos y mediante un extenso escrito se opuso a la solicitud de Ryder. Con el beneficio de ambas comparecencias, pasamos a resolver sin ulteriores procedimientos, al amparo de lo dispuesto en la Regla 50 de nuestro Reglamento.

II

Debemos determinar, en síntesis, si lo dispuesto en la Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 46, sobre cuándo comienza a transcurrir el término para la revisión judicial aplica también a los dictámenes emitidos por las agencias administrativas. Veamos.

La Sec. 4.2 de Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2172, sobre el recurso de revisión judicial, dispone lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, **dentro de un término de 30 días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir** de la fecha aplicable de las dispuestas en la sec. 2165 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. . ." (Énfasis suplido)

De la anterior disposición, surge el requisito de que los recursos de revisión se perfeccionen y notifiquen dentro del término de treinta (30) días a partir de la fecha del archivo en autos de la copia de la notificación de la orden

o resolución final de la agencia, siendo éste un requisito de carácter jurisdiccional. Por ende, la falta de presentación y notificación del recurso de revisión dentro del término referido de ordinario tiene el efecto de privar de jurisdicción a los tribunales. Lugo Rodríguez v. Junta de Planificación, res. el 12 de enero de 2000, 150 D.P.R. ___, 2000 TSPR 3, 2000 JTS 15.

Por otro lado, la Regla 46 de Procedimiento Civil dispone, en lo pertinente aquí, que:

> "... Si la fecha de archivo en autos de copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo."

Como se sabe, la citada disposición de la Regla 46 recoge en esencia lo que habíamos pautado antes en Martínez v. Abijoe, res. el 12 de mayo de 2000, 151 D.P.R. ___, 2000 TSPR 73, 2000 JTS 85, con la evidente intención de proteger el derecho de procurar la revisión judicial de la parte afectada por un dictamen a quo adverso. Ese derecho puede verse afectado en la práctica cuando existe una tardanza entre la fecha del archivo en autos del dictamen adverso y la fecha en que éste se deposita en el correo. La demora resultante en la notificación actual del dictamen referido puede limitar la oportunidad real que tiene la parte afectada de preparar y presentar su recurso de revisión. Por ello, para conjurar la demora referida, el término para presentar la revisión judicial comienza a transcurrir a partir de la fecha en que se deposita en el correo la

notificación del dictamen adverso, cuando dicha fecha es posterior a la del archivo en autos.

La cuestión ante nos aquí es si la referida norma de la Regla 46 relativa a los dictámenes judiciales aplica también a las decisiones de las agencias administrativas.

Como se sabe, como regla general, **"nada impide que en casos apropiados se adopten normas de las Reglas de Procedimiento Civil para guiar el curso del proceso administrativo, cuando las mismas no sean incompatibles con dicho proceso y propician una solución justa, rápida y económica"**. Pérez Vélez v. VPH Motors Corp., res. el 3 de noviembre de 2000, 152 D.P.R. ___, 2000 TSPR 165, 2000 JTS 177; Ortiz v. Adm. Sist. de Retiro Emp. Gob., 147 D.P.R. 816, 822 (1999); Ind. Cortinera Inc. v. P.R. Telephone Co., 132 D.P.R. 654, 660 (1993); Pérez Rodríguez v. P.R. Parking Systems, Inc., 119 D.P.R. 634 (1987). En efecto, en reiteradas ocasiones hemos aplicado las reglas de procedimiento civil al ordenamiento procesal administrativo, a la vez que hemos advertido que ello no procede cuando la extensión de las reglas judiciales acarree trabas que obstaculicen la flexibilidad, la agilidad o la sencillez que debe tener el proceso administrativo. Pérez Vélez v. VPH Motors, *supra*; Berríos v. Comisión de Minería, 102 D.P.R. 228, 229-30 (1974). Examinemos, pues, la situación del caso de autos a la luz de esta conocida normativa.

III

Es evidente que la referida aplicación de la Regla 46 de Procedimiento Civil a la revisión judicial de las decisiones administrativas no tiene impacto adverso alguno sobre el proceso administrativo **en sí**. Ello es así en vista de que el asunto que aquí nos concierne trata sobre el remedio judicial que está disponible **posterior** al dictamen de la agencia u organismo administrativo. La referida aplicación de la Regla 46, pues, no puede tener el efecto de restarle flexibilidad, sencillez o agilidad al proceso administrativo como tal. Por el contrario, la aplicación referida de la Regla 46 contribuye a darle efectividad y certeza a las decisiones administrativas.

Nótese que el asunto que aquí nos concierne está permeado por consideraciones relativas al debido proceso de ley. Los remedios judiciales posteriores al dictamen administrativo, como los remedios postsentencia, son provistos por el ordenamiento jurídico mediante estatutos. Por ello forman parte del debido proceso de ley. Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983 (1995); Berríos v. Comisión de Minería, *supra*, pág. 230; Arroyo Moret v. F.S.E., 113 D.P.R. 379, 381 (1982). En consecuencia, la falta de una notificación oportuna podría afectar el derecho de la parte afectada a cuestionar el dictamen adverso, enervando así las garantías del debido proceso de ley. Id. Cuando ello sucede, el dictamen tardíamente notificado **no surte efectos**. Caro v. Cardona, res. el 11 de febrero de 2003, 158 D.P.R. ___, 2003 TSPR 11, 2003 JTS 13.

Por lo anterior, es evidente que la norma de la Regla 46 referida es como un antídoto para proteger la efectividad de los dictámenes judiciales de las consecuencias adversas de una notificación tardía de dicho dictamen. Procura que el dictamen surta efectos. Véase, Martínez v. Abijoe, Inc., *supra*. Extender la norma de dicha Regla a los dictámenes administrativos serviría igualmente para darle efectividad a dichos dictámenes.

Por lo anterior, es evidente que en la situación de autos no hay razón jurídica alguna que milite en contra de aplicar a los procesos administrativos la norma que aquí nos concierne  de la Regla 46 de Procedimiento Civil. En otras situaciones comparables hemos resuelto recientemente del mismo modo, como en Pérez v. VPH Motors, *supra*, cuando resolvimos que la presentación de una moción de reconsideración ante una agencia administrativa interrumpe el término para solicitar la revisión judicial del dictamen administrativo, aplicando así la Regla 47 del Procedimiento Civil a los procesos administrativos; y en Rodríguez, et al v. A.R.P.E., 149 D.P.R. 111 (1999), cuando resolvimos que el término de 20 días para solicitar la reconsideración de un dictamen administrativo empieza a transcurrir desde el momento en que los peticionarios fueron efectivamente notificados de dicho dictamen y no desde que éste fue archivado en autos, cuando no hay simultaneidad entre una fecha y la otra.

## IV

Por los fundamentos expuestos, procede que se expida el recurso y se dicte una sentencia para dejar sin efecto el dictamen del foro apelativo del 16 de mayo de 2003 en el caso de autos y para devolver el caso a ese foro, para que continúen allí los procedimientos conforme a lo resuelto aquí.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hospital Dr. Domínguez,
Inc.

    Recurrido

        vs.                    CC-2003-893      Certiorari

Ryder Memorial Hospital,
Inc.

    Peticionario

SENTENCIA

San Juan, Puerto Rico, a 4 de marzo de 2004.

Por los fundamentos expuestos en la Opinión Regla 50 que antecede, la cual se hace formar parte de la presente Sentencia, se expide el recurso y se dicta sentencia para dejar sin efecto el dictamen del foro apelativo del 16 de mayo de 2003 en el caso de autos y se devuelve el caso a ese foro, para que continúen allí los procedimientos conforme a lo resuelto aquí.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disiente sin opinión escrita.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo