DAVID FLORENCIANI VALENTÍN, apelante, *v.* ADMINISTRACIÓN DE LOS SISTEMAS DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO Y LA JUDICATURA, apelada.

*Número:* AC-2003-16      *Resuelto:* 30 de junio de 2004

*Susan Marie Cordero Ladner*, abogada de la parte apelante; *Maritza Incle Figueroa*, abogada de la parte apelada; *Roberto J. Sánchez Ramos*, procurador general.

LA JUEZA PRESIDENTA SEÑORA NAVEIRA MERLY emitió la opinión del Tribunal.

Hoy nos toca nuevamente interpretar la aplicación de la Regla 46 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, esta vez, al procedimiento de reconsideración ante la agencia administrativa.

## I

El 17 de abril de 1998 el Sr. David Florenciani Valentín presentó una solicitud de pensión ante la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (Administración), la cual fue denegada mediante una carta suscrita por esta última el 14 de junio de 1999.

Inconforme con esta decisión, el señor Florenciani Valentín presentó una Moción Solicitando Reconsideración y Solicitud de Vista Administrativa ante la Administración. El 31 de octubre de 2000, luego de celebrarse una vista administrativa, la Oficina de Reconsideraciones de la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (Oficina de Reconsideraciones de la Administración) reiteró la denegatoria de la solicitud de pensión.

Así las cosas, el señor Florenciani Valentín presentó un recurso de apelación ante la Junta de Síndicos de la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (Junta). Esta última, mediante Resolución de 15 de octubre de 2002, archivó en autos la apelación el 30 de octubre de 2002 y confirmó la decisión de la Administración. Surge de autos que la notificación de

esta resolución se depositó en el correo el 4 de noviembre de 2004.

Inconforme con ese proceder, el 21 de noviembre de 2002 el señor Florenciani Valentín presentó una moción de reconsideración ante la Junta. Ésta no tomó acción sobre la moción. Así, pues, el 3 de enero de 2003 el señor Florenciani Valentín presentó un recurso para revisar esa resolución ante el Tribunal de Apelaciones, el cual se desestimó por falta de jurisdicción. Este foro concluyó que el recurrente solicitó la reconsideración de la resolución de la Junta fuera del plazo de veinte días establecido en la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.), 32 L.P.R.A. sec. 2165, por lo que la moción ni fue oportuna ni tuvo el efecto de interrumpir el plazo jurisdiccional establecido por la Sec. 4.2 de la L.P.A.U., 32 L.P.R.A. sec. 2172. De esta decisión recurre ante nos el señor Florenciani Valentín mediante un recurso de apelación, el cual denegamos luego de acogerlo como *certiorari*. El 3 de mayo de 2003 el señor Florenciani Valentín presentó una moción de reconsideración. Atendida esa moción, reconsideramos la Resolución de 9 de mayo de 2003, expedimos el recurso y, estando en condición de resolverlo, procedemos a hacerlo.

En síntesis, debemos resolver si la norma establecida por la Regla 46 de Procedimiento Civil, *supra*, aplica también al procedimiento establecido por la L.P.A.U. para reconsiderar en el foro administrativo las decisiones de las agencias administrativas.

## II

La Sec. 3.15 de la L.P.A.U., *supra*, establece, en lo pertinente, lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la

resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.

■ Por otro lado, la Sec. 4.2 de la L.P.A.U. añade:

Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en [3 L.P.R.A. sec. 2165], cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo.

■ Por su parte, la Regla 46 de Procedimiento Civil, *supra*, establece, en lo aquí pertinente, que

[s]i la fecha de archivo en autos de copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

■ En reiteradas ocasiones hemos aplicado las Reglas de Procedimiento Civil al ordenamiento procesal administrativo cuando no son incompatibles con ese proceso y propician una solución justa, rápida y económica. *Hosp. Dr. Domínguez v. Ryder*, 161 D.P.R. 341 (2004); *Pérez v. VPH*

*Motor Corp.*, 152 D.P.R. 475 (2000); *Ortiz v. Adm. Sist. de Retiro Emp. Gob.*, 147 D.P.R. 816, 822 (1999); *Pérez Rodríguez v. P.R. Park. Systems, Inc.*, 119 D.P.R. 634, 639–640 (1987).([1]) Hemos señalado, además, que eso no procede cuando la extensión de las reglas judiciales acarrea trabas que obstaculizan la flexibilidad, agilidad o sencillez que debe tener el proceso administrativo. *Hospital Dr. Domínguez v. Ryder*, supra; *Pérez v. VPH Motor Corp.*, supra.([2])

Recientemente, en *Hospital Dr. Domínguez v. Ryder*, supra, tuvimos la oportunidad de resolver si lo dispuesto en la Regla 46 de Procedimiento Civil, *supra*, sobre cuándo comienza a transcurrir el término para la revisión judicial, aplica también a los dictámenes de las agencias administrativas. Resolvimos en la afirmativa. Concluimos que la aplicación de la referida regla no tiene impacto adverso sobre el proceso administrativo en sí debido a que, tratándose de un remedio judicial que está disponible posterior a la sentencia, no puede tener el efecto de restarle la flexibilidad, sencillez o agilidad que debe tener el procedimiento administrativo como tal y que, por el contrario, su aplicación contribuye a darle efectividad y certeza a las decisiones administrativas. Señalamos, además, lo siguiente:

> [E]s evidente que la norma de la Regla 46 referida es como un antídoto para proteger la efectividad de los dictámenes judiciales de las consecuencias adversas de una notificación tardía de dicho dictamen. Procura que el dictamen surta efectos. Extender la norma de dicha regla a los dictámenes administrativos serviría igualmente para darle[s] efectividad .... (Cita omitida.) *Hospital Dr. Domínguez v. Ryder*, supra, pág. 347.

---

([1]) Véase, además, *Febles v. Romar*, 159 D.P.R. 714 (2003), donde aplicamos por analogía la norma establecida en *Lagares v. E.L.A.*, 144 D.P.R. 601 (1997).

([2]) Véase, además, *Ind. Cortinera, Inc. v. P.R. Telephone Co.*, 132 D.P.R. 654, 663 (1993). En este caso señalamos que aplicar las Reglas de Procedimiento Civil a los procedimientos ante la Comisión de Servicio Público trastocaría el diseño sencillo y expedito de los procedimientos ante ella.

En el caso de autos, aunque se trata del procedimiento de reconsideración ante la agencia administrativa, resolvemos que también debe aplicar la norma establecida en la Regla 46 de Procedimiento Civil, *supra*. No encontramos razón jurídica alguna para no aplicar la referida norma cuando lo que se presenta es una moción en reconsideración ante la misma agencia que emitió el dictamen. Ya en *Rodríguez et al. v. A.R.Pe.*, 149 D.P.R. 111, 118 (1999), concluimos que en situaciones excepcionales, cuando la notificación real de una resolución de un foro administrativo ocurre mucho después que el día en que aparece una copia archivada en autos, el término para revisar la decisión deberá contarse a partir de la notificación real.[3] Al así resolver, reiteramos la importancia de la naturaleza rápida, justa y económica de los procedimientos administrativos. Posteriormente, en *Hospital Dr. Domínguez v. Ryder*, supra, puntualizamos que el término para presentar la reconsideración de un dictamen administrativo se cuenta a partir de la notificación del dictamen y no desde que éste se archivó en autos, cuando no hay simultaneidad entre una fecha y la otra. *Es decir, el término de veinte días para solicitar la reconsideración de un dictamen administrativo debe comenzar a transcurrir desde el momento en que se les notificó el dictamen a los peticionarios.* Establecida esta doctrina, procedemos a aplicarla a los hechos del caso de autos.

---

[3] Es menester señalar que en ese caso aplicamos por analogía lo resuelto en *García Claudio v. García Guevara*, 145 D.P.R. 659 (1998). En este último se trataba de una sentencia que el Tribunal de Primera Instancia notificó. Allí concluimos que si por un acto de extrema negligencia el Secretario del tribunal notifica tardíamente una sentencia, ésta se entenderá archivada el día en que se le cursó la sentencia a las partes, por lo que el término para apelar comenzará a transcurrir desde esa fecha. Este caso se resolvió antes de aprobarse la Ley Núm. 40 de 10 de enero de 1999, que enmendó la Regla 46 de Procedimiento Civil para añadir lo siguiente: "Si la fecha de archivo en autos es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo." 32 L.P.R.A. Ap. III.

## III

La resolución que emitió la Junta se notificó transcurridos cinco días desde su archivo en autos. El señor Florenciani Valentín presentó la moción de reconsideración veintidós días después del archivo en autos de la resolución. Es decir, dos días después de que el término establecido por la Regla 4.2 de la L.P.A.U., *supra*, transcurriera si contamos desde el archivo en autos de la resolución. No obstante, si tomamos en cuenta que notificaron la resolución cinco días después de su archivo en autos, y contamos los veinte días establecidos en la citada Regla 4.2 a partir de esa fecha, debemos concluir que la moción de reconsideración presentada por el señor Florenciani Valentín fue oportuna e interrumpió el término para presentar la solicitud de revisión ante el Tribunal de Apelaciones.

## IV

Por los fundamentos antes expuestos, *dejamos sin efecto el dictamen del Tribunal de Apelaciones y devolvemos el caso a ese foro para que continúen los procedimientos conforme a lo aquí resuelto.*

El Juez Asociado Señor Hernández Denton concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Rivera Pérez disintió sin opinión escrita.