Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| MARÍA GONZÁLEZ CHAMORRO<br><br>Recurrida<br><br>v.<br><br>AUTORIDAD DE ENERGÍA ELÉCTRICA<br><br>Patrono<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>Recurrente | KLRA202500063 | *REVISIÓN ADMINISTRATIVA* procedente de la Comisión Industrial de Puerto Rico<br><br>Caso número:<br>C.I. 13-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-02<br><br>C.F.S.E. 11-28-01084-9<br><br>Sobre:<br>Sin jurisdicción |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2025.

Comparece ante nos la parte recurrente, Corporación del Fondo del Seguro del Estado, mediante revisión judicial y solicita que revisemos la determinación emitida por la Comisión Industrial de Puerto Rico el 30 de julio de 2024, notificada el 29 de agosto del mismo año.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial, por falta de jurisdicción. Veamos.

**I**

El 30 de julio de 2024, notificada el 29 de agosto del mismo año, la Comisión Industrial de Puerto Rico (Comisión o agencia) emitió la *Resolución* que nos ocupa.[1] En particular, la agencia se declaró sin jurisdicción para revisar lo resuelto en una vista médica

---

[1] Exhibit XVIII del recurso, págs. 26-27.

Número Identificador

SEN2025 _____

celebrada por la Corporación del Fondo del Seguro del Estado (Fondo o recurrente) el 1 de diciembre de 2022, por las condiciones cervicales y lumbosacrales de María González Chamorro (González Chamorro o recurrida). Por otro lado, asumió jurisdicción en cuanto a la incapacidad de González Chamorro por otras condiciones.

En desacuerdo, el 18 de septiembre de 2024, el Fondo presentó una *Reconsideración*.[2] Por su parte, el 26 del mismo mes y año, González Chamorro se opuso.[3] En síntesis, indicó que el Fondo le notificó el petitorio de reconsideración el 19 de septiembre de 2024, pasado el término para ello, el cual vencía el 18 de septiembre de 2024. Según argumentó, la Comisión estaba impedida de atender el reclamo del Fondo por haber perdido la jurisdicción sobre ello. En virtud de lo anterior, solicitó que se declarara No Ha Lugar la solicitud de reconsideración.

El 3 de octubre de 2024, notificada el 6 del mismo mes y año, la Comisión acogió la moción de reconsideración para evaluarla y resolverla.[4] Posteriormente, el 8 de octubre de 2024, se celebró una vista pública ante la Comisión, a la cual comparecieron las partes. Surge de la *Resolución Interlocutoria* del 12 de noviembre de 2024, notificada el 30 de enero de 2025, que la Comisión le informó a las partes que tenía ante su consideración tanto la solicitud de reconsideración, como la oposición a esta en la cual se argumentó la falta de jurisdicción de la agencia por la notificación tardía de la mencionada moción.[5] Como el aspecto de la reconsideración podía impactar todos los pormenores pendientes del caso, la Comisión determinó que ordenaría el señalamiento de la vista luego de notificada la decisión final con relación a la reconsideración en controversia.

---

[2] Exhibit XIX del recurso, págs. 35-44.
[3] Exhibit 29 del *Alegato [de la] Parte Recurrida*, págs. 90-94. Véase, además, el expediente administrativo, págs. 327-331.
[4] Exhibit XX del recurso, pág. 53.
[5] Exhibit 31 del *Alegato [de la] Parte Recurrida*, págs. 98-99.

Transcurrido el término sin que la agencia resolviera la mencionada solicitud, el 28 de enero de 2025, la parte recurrente acudió ante nos mediante el recurso de epígrafe y realizó los siguientes señalamientos de error:

> Erró la Honorable Comisión Industrial al determinar asumir jurisdicción sobre condiciones que presenta la parte [recurrente,] las cuales fueron atendidas y dispuestas por la CFSE, notificadas mediante Decisión del Administrador[,] y que no fueron oportunamente apeladas, por lo que carece de jurisdicción para atender sobre las mismas.
>
> Erró la Honorable Comisión Industrial al otorgar a la parte obrera una incapacidad parcial permanente, careciendo de jurisdicción para su otorgamiento, por ser improcedente en derecho.
>
> En la alternativa, erró la Honorable Comisión Industrial al no considerar la defensa de incuria y no evaluar su aplicabilidad conforme a los hechos del presente caso.

En cumplimiento con nuestra *Resolución* del 30 de enero de 2025, la parte recurrida compareció mediante *Alegato [de la] Parte Recurrida* el 4 de marzo del año corriente. En lo pertinente, indicó que se había opuesto a la solicitud de reconsideración presentada por el Fondo porque dicho petitorio le fue notificado fuera del término aplicable.[6] Enfatizó que el Fondo omitió dicha información y no anejó la referida oposición al presente recurso de revisión judicial.[7] Según adujo, ello constituía una falta a la verdad, sinceridad y honradez, toda vez que el recurrente indicó en la segunda página del recurso de epígrafe que esta no había comparecido ante la Comisión por escrito para expresarse en cuanto a la moción de reconsideración.

Examinada la copia certificada del expediente administrativo y evaluados los escritos de las partes, el 11 de marzo de 2025, emitimos una *Resolución* mediante la cual le concedimos un término a la parte recurrente para que evidenciara la notificación a la parte

---

[6] *Alegato [de la] Parte Recurrida,* pág. 11.
[7] Íd., pág. 10.

recurrida de la *Reconsideración* instada ante la Comisión el 18 de septiembre de 2024. Además, ordenamos que, en el mismo término, el recurrente mostrara causa por la cual no debíamos desestimar el recurso por falta de jurisdicción ante la presunta notificación tardía de dicha moción a la otra parte, en contravención de lo establecido en *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742 (2023).

El 19 de marzo de 2025, el recurrente presentó una *Moción en Cumplimiento de Orden de Mostrar Causa*. En esencia, admitió que le había notificado la *Reconsideración* presentada ante la Comisión a la recurrida mediante entrega personal (a la mano) el 19 de septiembre de 2024. En apoyo a ello, adjuntó copia de la caratula de la referida moción con la firma de recibo personal de la representante legal de la recurrida.[8]  Argumentó que lo resuelto en *Div. Empleados Públicos UGT v. CEMPR*, supra, no era aplicable por tratarse del alcance de la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, mientras que el trámite en el ámbito administrativo se regía por el principio de la notificación oportuna, según lo dispuesto en la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAU). Alegó que la notificación de la solicitud de reconsideración fue en un periodo corto de dieciocho (18) horas desde su radicación, por lo que constituía una notificación oportuna y adecuada que no causó perjuicio a la parte recurrida.

Según adujo el recurrente, luego de radicar la moción en cuestión a las 2:26 p.m. del 18 de septiembre de 2024, se dirigió a la oficina del personal privado subcontratado por el Fondo para el manejo del correo y las notificaciones a realizar, pero estos se habían retirado entre las 3:30 p.m. y 4:00 p.m. Señaló que, ante tal escenario, se dirigió a una oficina de correo postal para enviar a

---

[8] Anejo I de la *Moción en Cumplimiento de Orden de Mostrar Causa*.

notificar la moción mediante correo certificado, pero eran más de las 5:00 p.m. y la referida oficina estaba cerrada. Según alegó, en ese momento, no contaba con una copia digital del escrito para poder notificarlo electrónicamente, pues solo tenía en su posesión la copia física. Planteó que, al considerar que al día siguiente (19 de septiembre de 2024) tenía unas vistas administrativas pautadas con la representante legal de la recurrida, tomó la decisión de entregar personalmente copia de la moción a dicha representante de 8:00 a.m. a 8:30 a.m., cumpliendo así con la notificación oportuna. Por lo anterior, sostuvo que no procedía la desestimación del presente recurso de revisión por falta de jurisdicción, por entender que no es de aplicación lo resuelto en *Div. Empleados Públicos UGT v. CEMPR*, supra.

Con el beneficio de la comparecencia de las partes, así como de la copia certificada del expediente administrativo y los documentos que obran en autos, procedemos a resolver.

**II**

**A**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024); *FCPR v. ELA et al.*, 211 DPR 521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Pueblo v. Torres Medina*, 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG*, supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.*; *Pueblo v. Ríos Nieves*, supra; *FCPR v. ELA et al.*, supra.

**B**

Sabido es que la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAU), regula lo concerniente a la revisión judicial de las órdenes o resoluciones finales de los organismos administrativos. El Tribunal Supremo de Puerto Rico ha expresado que el derecho a cuestionar dichas determinaciones es parte del debido proceso de ley cobijado por nuestra Constitución. *ACT v. Prosol et als.*, 210 DPR

897 (2022); *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014), citando a *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 736 (2010).

Conforme a lo anterior, una parte adversamente afectada por una orden o resolución final de una agencia, que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sección 4.2 de la LPAU, 3 LPRA sec. 9672; *Miranda Corrada v. DDEC et al.*, 211 DPR 738 (2023).

Según la Sección 4.2 de la LPAU, *supra*, el término jurisdiccional para acudir al foro apelativo mediante revisión judicial es de treinta (30) días. Dicho término comienza a transcurrir a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o desde que se interrumpa ese término mediante la presentación oportuna de una moción de reconsideración ante la agencia dentro del término jurisdiccional de veinte (20) días. *Íd.*

Por otro lado, la Sección 3.15 de la LPAU, 3 LPRA sec. 9655, provee para que se pueda solicitar la reconsideración de la determinación ante la agencia administrativa. En particular, dicho articulado establece lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y

archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda. *Íd.*

Sobre ese particular, recientemente nuestro Tribunal Supremo expresó en *ACT v. Prosol et als.*, supra, que las agencias administrativas no están facultadas para, mediante determinación administrativa, variar unilateralmente el término jurisdiccional de veinte (20) días con el que cuenta una parte adversamente afectada para radicar una moción de reconsideración ante la propia agencia. Ello, con excepción de que tal determinación esté respaldada por una declaración oficial del Gobernador de Puerto Rico quien posee la facultad de ordenar la concesión de un día de fiesta a todos los empleados, empleadas y agencias de la Rama Ejecutiva. *ACT v. Prosol et als.*, supra, págs. 22-23.

Ahora bien, la Sección 3.15 de la LPAU, *supra,* ni otra sección contenida en dicho estatuto, establece cuál es el término que tiene la parte promovente de la solicitud de reconsideración para notificarle dicha moción a la otra parte. Ante tal vacío jurídico, para fines de atender el asunto desde la perspectiva administrativa, nuestro ordenamiento permite la aplicación de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, cuando las mismas no sean incompatibles con tales procesos y cuando propicien una solución justa, rápida y económica. *Hosp. Dr. Domínguez v. Ryder*, 161 DPR 341 (2004).

En lo aquí atinente, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone que la moción de reconsideración se notificará a las demás partes en el pleito dentro del término establecido por esta regla para presentarla ante el tribunal de **manera simultánea**. A su vez, especifica que el término para notificar será de cumplimiento estricto. Dicho término, a diferencia del aplicable a la presentación de una moción de reconsideración, no es fatal y se puede extender o prorrogar, si la parte que lo notificó fuera de término demostró justa causa por la demora. *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 751 (2023); *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 170 (2016). Por tal razón, se le requiere a la parte que solicite la prórroga o actúe fuera de término que presente, mediante escrito debidamente evidenciado, explicaciones concretas y particulares que permitan concluir que hubo una excusa razonable para la tardanza o demora. *Íd.*; *Soto Pino v. Uno Radio Group*, 189 DPR 84, 93 (2013); *Febles v. Romar*, 159 DPR 714, 720 (2003). Según enfatizó nuestro Tribunal Supremo en *Div. Empleados Públicos UGT v. CEMPR*, supra, "a falta de justa causa o ante excusas vagas y generales, los tribunales no gozan de discreción para prorrogar los términos de cumplimiento estricto". Asimismo, ha expresado que es un deber acreditar la existencia de justa causa, incluso antes de que un tribunal se lo requiera. *Íd.*, citando a *Soto Pino v. Uno Radio Group*, supra, pág. 97.

Por otro lado, en *Rivera Marcucci et al. v. Suiza Dairy*, supra, pág. 179, nuestro más Alto Foro resolvió que el incumplimiento con el requisito de notificar una moción de reconsideración dentro del término de cumplimiento estricto supedita el efecto interruptor de los términos para recurrir en alzada a la determinación ulterior de si hubo o no justa causa por la tardanza. *Div. Empleados Públicos UGT v. CEMPR*, supra, pág. 753. Solo de esa forma podrá entenderse que la moción interrumpió los términos para recurrir. *Rivera*

*Marcucci et al. v. Suiza Dairy,* supra. Nuestro último Foro revisor advirtió que esas eran las consecuencias jurídicas a las que se expone una parte que notifica fuera del término de cumplimiento estricto sin tener una justa causa que la exima de ese cumplimiento. *Íd.*

En cuanto al elemento de la justa causa, este se evalúa caso a caso. *Rivera Marcucci et al. v. Suiza Dairy,* supra, pág. 172. En específico, la justa causa se acredita mediante explicaciones concretas y particulares, debidamente evidenciadas en el escrito, que le permitan a los tribunales concluir que hubo una excusa razonable para la tardanza o la demora. *Íd.,* págs. 171-172. Por otro lado, no constituyen justa causa las vaguedades y las excusas o los planteamientos estereotipados. *Íd.* A su vez, **el Tribunal Supremo de Puerto Rico ha enfatizado que tampoco constituye justa causa el hecho de que se espere hasta el último minuto para presentar el recurso que se debía notificar**. *Íd.,* págs. 172-173; *Soto Pino v. Uno Radio Group,* supra, pág. 95. **Tampoco constituye justa causa alegar que la notificación tardía no había causado ningún perjuicio indebido a la parte contraria porque había tenido una notificación en un término razonable**. *Íd.,* pág. 173. Además, nuestro más Alto Foro ha expresado que el hecho de que la notificación tardía no le causara perjuicio indebido a la otra parte no era determinante al momento de examinar la existencia de una justa causa, toda vez que, si los tribunales fueran a aceptar ese planteamiento, los términos de cumplimiento estricto se convertirían en un mero formalismo. *Íd.*

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no

la tienen. *Allied Mgmt. Group v. Oriental Bank,* supra. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. *Íd.* Así, este Tribunal debe expresarse, en primer lugar, sobre el escollo jurisdiccional que tiene ante su consideración.

No hay controversia que en el ámbito administrativo no está regulado el término en el cual una parte debe notificar a la otra de la presentación de una moción de reconsideración ante el ente administrativo. La propia parte recurrente así lo admite en la página 5 de su *Moción en Cumplimiento de Orden de Mostrar Causa.* Ahora bien, el recurrente sostiene que la norma contenida sobre dicho asunto en la Regla 47 de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa, no son de aplicación al presente caso. En particular, argumenta que, distinto a una solicitud de reconsideración de una sentencia emitida por el Tribunal de Primera Instancia, aquella presentada ante una resolución emitida por un foro administrativo estaba sujeta a una implementación e interpretación más liberal para poder alcanzar los propósitos de esta, siempre considerando el resguardo de las garantías básicas al debido proceso de ley. No le asiste la razón. Nos explicamos.

Nuestro ordenamiento jurídico ha sido consistente en que la LPAU rige lo relacionado a los procedimientos administrativos, así como las reglamentaciones particulares que cada agencia promulga con su poder delegado. Sin embargo, sabido es que se permite la aplicación de las Reglas de Procedimiento Civil, *supra,* cuando las mismas no sean incompatibles con tales procesos y cuando propicien una solución justa, rápida y económica.

En el presente caso, es evidente que la aplicación de la Regla 47 de Procedimiento Civil, *supra,* a la notificación de las mociones de reconsideración a las resoluciones emitidas por las agencias administrativas no tiene un impacto adverso alguno sobre el proceso

administrativo en sí. Ello, sin aplicar el término que provee dicha regla para presentar una moción de esa naturaleza que son quince (15) días, pues la LPAU dispone que las partes tienen un término de veinte (20) días para someter un escrito de esa naturaleza. La precitada regla no resulta incompatible con el trámite administrativo ya que se trata de un remedio judicial que está disponible con posterioridad al dictamen de la agencia. Por lo tanto, la aplicación de la Regla 47 de Procedimiento Civil, *supra*, en cuanto a la notificación de la moción de reconsideración a la otra parte, no tiene el efecto de restarle flexibilidad, sencillez o agilidad al proceso administrativo como tal. Por el contrario, la aplicación de dicha regla contribuye a asegurar que se salvaguarden las garantías del debido proceso de ley. Por consiguiente, aplicaremos dicha sección de la Regla 47 de Procedimiento Civil, *supra*, al caso de autos.

Superado lo anterior, surge de la copia certificada del expediente administrativo y del recurso a nuestro haber, que, el 18 de septiembre de 2024, la parte recurrente radicó su moción de reconsideración a la *Resolución* recurrida, último día hábil para ello. Por lo tanto, según detallamos en la segunda parte de este escrito, el recurrente tenía que notificar dicha moción a la otra parte de manera simultánea. Lo anterior necesariamente significa que la notificación de la moción debía ser el mismo día de radicada, ya que, en este caso, era la fecha en que vencían los veinte (20) días que tenía el recurrente para solicitar la reconsideración de la determinación de la Comisión que nos ocupa.

La parte recurrente admite en la página 1 de su *Moción en Cumplimiento de Orden de Mostrar Causa* que notificó a la parte recurrida el 19 de septiembre de 2024, mediante entrega personal. Tal evento quedó evidenciado en los documentos que obran en autos. Es decir, el recurrente notificó la solicitud de reconsideración

a la otra parte el día después de radicada ante el ente administrativo, vencido el término aplicable para ello.

En vista de lo anterior, es un hecho incontrovertido que el recurrente notificó su moción de reconsideración fuera del término de cumplimiento estricto previamente discutido. Ante ese escenario, la agencia tenía la facultad de prorrogar ese término de notificación si el recurrente cumplía con la carga de acreditar la justa causa que le impidió notificar oportunamente. No obstante, en el caso de autos, el recurrente no presentó escrito alguno ante el organismo administrativo acreditando justa causa. El recurrente tuvo oportunidad de hacerlo, pues la recurrida se opuso a la solicitud de reconsideración argumentando su notificación tardía. Incluso, dicha controversia fue mencionada ante la Comisión en una vista pública celebrada el 8 de octubre de 2024. Sin embargo, de la *Resolución Interlocutoria* que se emitió sobre lo ocurrido en esa vista, no surge que el recurrente expresara su postura al respecto o que acreditara justa causa de su tardanza. Por lo tanto, la Comisión no podía acoger la moción de reconsideración sin antes determinar si existía justa causa por la notificación tardía del escrito a la otra parte. Lo anterior significa que la presentación de la moción de reconsideración ante la Comisión no tuvo el efecto de interrumpir el término jurisdiccional para recurrir en alzada ante este Tribunal de Apelaciones. Siendo tardío el recurso de revisión judicial que nos ocupa, estamos impedidos de entender sobre la controversia que plantea.

Aun si tuviéramos la facultad de adjudicar si hubo justa causa, evidentemente, las razones presentadas por el recurrente ante este Foro revisor para justificar la tardanza en la notificación de la mencionada moción no se acercan a lo que constituye una justa causa. Si bien nuestro ordenamiento jurídico permite utilizar varios métodos para que las partes se notifiquen los documentos

entre sí, ello debe hacerse cumpliendo con los términos aplicables. El propósito de estos medios alternos de notificación es facilitar los trámites procesales al proveer varias opciones para poder notificar. No obstante, esto no puede utilizarse como fundamento para argüir que ante la imposibilidad de utilizar el método de notificación de preferencia no se pudo cumplir con la notificación si la evidencia demuestra que la parte no ejecutó acciones afirmativas para notificar mediante otro método disponible. *Rivera Marcucci et al. v. Suiza Dairy*, supra, pág. 178.

En el presente caso, el recurrente decidió presentar su moción de reconsideración ante la Comisión el último día hábil para ello, a las 2:26 p.m., aun cuando tenía conocimiento que poco después (3:30 p.m.) la compañía subcontratada por el Fondo para el manejo del correo se iría en su última ronda del día y no alcanzaría a entregarle el documento. En lugar de digitalizar el escrito en ese momento en cualquier oficina que tuviera disponible, o mediante el uso de un dispositivo móvil, como un celular o tableta, para realizar una notificación mediante correo electrónico, optó por ir a una oficina de correo postal que cerraba a las 5:00 p.m. En su *Moción en Cumplimiento de Orden de Mostrar Causa*, el recurrente no explicó por qué no buscó una oficina de correo postal que culminara sus labores en un horario extendido, ni las razones por las cuales no coordinó con la representante legal de la recurrida para hacerle entrega personal de la referida moción el mismo día, o las causas por las cuales estaba impedido de enviarle a la parte recurrida las fotografías del documento mediante correo electrónico en lo que conseguía una forma más formal de digitalizar los documentos. En fin, ante las múltiples oportunidades y métodos alternos que tuvo el recurrente de notificar su solicitud de reconsideración a la parte recurrida, sin acreditar las razones por las cuales estaba impedido

de hacerlo el mismo 18 de septiembre de 2024, no cabe duda de que lo planteado por la parte recurrente no constituye justa causa.

En virtud de lo anterior, colegimos que el recurso de autos resulta ser tardío. Por tanto, habiendo acudido ante este Foro a destiempo, no podemos sino declarar nuestra falta de jurisdicción sobre el recurso de autos.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso de revisión judicial, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones