ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL VI

| | | |
|---|---|---|
| TRANSPORTE RODRÍGUEZ ASFALTO INC.<br><br>RECURRENTE<br><br>v.<br><br>JUNTA DE SUBASTAS MUNICIPIO DE ADJUNTAS<br><br>SANTA ISABEL ASPHALT, INC.<br><br>RECURRIDO | TA2025RA00085 | REVISIÓN ADMINISTRATIVA procedente del Municipio Autónomo de Adjuntas<br><br>Caso núm.: 25-0005 Subasta Suministro General; Renglón 7: Asfalto<br><br>Sobre: Impugnación de Subasta Municipal |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de agosto de 2025.

Comparece ante nos Transporte Rodríguez Asfalto, Inc. (Transporte Rodríguez Asfalto o parte recurrente) mediante el presente recurso de *Revisión Administrativa* y nos solicita que revoquemos el *Aviso de Adjudicación* realizado por la Junta de Subastas del Municipio Autónomo de Adjuntas (Junta de Subastas del Municipio de Adjuntas o parte recurrida) el 2 de julio de 2025. En la referida adjudicación, la Junta de Subastas del Municipio de Adjuntas le adjudicó la buena pro a la compañía Santa Isabel Asphalt, Inc. (Santa Isabel Asphalt), sobre la Subasta: 25-0005, renglón 7.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por resultar defectuosa la notificación del *Aviso de Adjudicación* por parte de Junta de Subastas del Municipio de Adjuntas y se devuelve el mismo para su corrección.

**I**

Los hechos ante nuestra consideración tienen su génesis en la presentación de un *Aviso de Subasta* sobre Suministro General, (SUBASTA: 25-0005), respecto al reglón 7: asfalto, por parte de la Junta de Subastas del Municipio de Adjuntas.[1]  Entre las compañías que presentaron una licitación a la junta se encontraban: (a) Transporte Rodríguez Asfalto, los aquí comparecientes; (b) A&M Solutions, LLC; (C) Santa Isabel Asphalt; y (d) R&F Asphalt Unlimited, Inc.

Luego de la presentación de las propuestas y sus respectivas evaluaciones, el 2 de julio de 2025 la Junta de Subastas del Municipio de Adjuntas emitió un *Aviso de Adjudicación*.[2]  En el referido comunicado, adjudicó la buena pro a Santa Isabel Asphalt por entender que ofrecían el mejor precio y condiciones más ventajosas a su municipio conforme a las especificaciones, términos y condiciones exigidas.

Inconforme, el 14 de julio de 2025 la parte recurrente acude ante nos mediante el presente recurso de *Revisión Administrativa* y nos plantea la comisión del siguiente error:

Erró la Junta de Subastas del Municipio de Adjuntas al emitir una notificación de adjudicación de subasta defectuosa, al no

---

[1] Apéndice del recurso de *Revisión Administrativa*, págs. 13-15.
[2] *Id.*

incluir, los factores o criterios que se tomaron en cuenta para adjudicar la subasta; y/o los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos la cual incumple con las Leyes y la Jurisprudencia aplicable; privando de jurisdicción al Tribunal revisor y violentando el debido proceso de ley del recurrente.

Por su parte, el 22 de julio de 2025, la recurrida presentó una *Moción de Desestimación por Falta de Jurisdicción*.

**II**

**A**

Es norma conocida en nuestro ordenamiento jurídico que los tribunales debemos ser celosos guardianes de nuestra jurisdicción *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005). Cuestionada esta, nos corresponde como deber ministerial realizar un análisis riguroso sobre nuestra jurisdicción, pues de esta depende nuestra autoridad para adjudicar la controversia que se nos presenta. *Id.* La ausencia de jurisdicción es, simplemente, insubsanable. *Id.* Por lo tanto, cuando un tribunal determina que no tiene la autoridad para atender un recurso, solo puede así declararlo y desestimar el caso. *Caratini v. Collazo Syst. Análisis, Inc.*, 158 DPR 345, 355 (2003).

Las cuestiones relacionadas con la jurisdicción de un tribunal deben ser resueltas con preferencia a cualquier otro asunto. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). En aquellas instancias en las que un tribunal dicta sentencia sin tener jurisdicción sobre la persona o sobre la materia, su determinación es jurídicamente inexistente. *Empress Hotel, Inc. v. Acosta,* 150 DPR 208, 212 (2000). Es decir, constituye una

actuación ilegítima que un foro judicial adjudique un recurso sobre el cual carece de jurisdicción para entender en el mismo. *Id.* Así pues, el Tribunal Supremo de Puerto Rico ha señalado que como celosos guardianes de nuestra jurisdicción los tribunales venimos obligados a considerar, *motu propio* o a petición de parte, todo asunto relacionado a la misma; pues no poseemos discreción para asumir jurisdicción donde no la hay. *Romero Barceló v. ELA*, 169 DPR 460, 470 (2006). Así, este Tribunal está facultado para desestimar, a iniciativa propia, un recurso por cualquiera de los siguientes fundamentos:

1. **que el Tribunal de Apelaciones carece de jurisdicción**;
2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
3. que no se ha presentado o proseguido con diligencia o de buena fe;
4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
5. que el recurso se ha convertido en académico. (Énfasis nuestro.) 4 LPRA Ap. XXII-A, R. 83 (B).

**B**

El derecho a la notificación adecuada de las decisiones administrativas es parte del debido proceso de ley, por lo que una notificación defectuosa de una resolución administrativa no activa los términos para recurrir en alzada. *Colón Torres v. A.A.A.*, 143 DPR 119, 124 (1997). El propósito que sirve la notificación es proteger el derecho de la parte afectada a procurar la revisión judicial de un dictamen adverso.

*Vélez v. A.A.A.*, 164 DPR 772, 789 (2005), citando a *Hosp. Dr. Domínguez v. Ryder*, 161 DPR 341, 345 (2004).

La notificación concede a las partes la oportunidad de tomar conocimiento real de la acción tomada por la agencia y otorga a las personas, cuyos derechos pudieran quedar afectados, la oportunidad de decidir si ejercen los remedios que la ley les reserva para impugnar la determinación. *Asoc. Vec. Altamesa Este v. Municipio de San Juan*, 140 DPR 24 (1996). Ante ello, resulta indispensable que se notifique adecuadamente cualquier determinación de la agencia que afecte los intereses de un ciudadano. *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310 (2006).

**C**

El Tribunal Supremo ha reiterado que el procedimiento de pública subasta es uno de suma importancia que, a su vez, este revestido de un alto interés público. *Oliveras, Inc. v. Universal Ins. Co.*, 141 DPR 900, 931(1996). Respecto a las subastas que son llevadas a cabo por los municipios, estas están reguladas por la Ley Núm. 107- 2020, mejor conocida como el *Código Municipal de Puerto Rico*, 21 LPRA sec. 7001; el Reglamento para la Administración Municipal de 2016 de la Oficina del Comisionado de Asuntos Municipales, Reglamento Núm. 8873 de 19 de diciembre de 2016 (Reglamento Núm. 8873); y por el Reglamento de Subastas promulgado por cada municipio.

Sobre lo que nos concierne en esta controversia, el Artículo 2.040 de la Ley Núm. 107- 2020, 21 LPRA sec. 7216, establece lo siguiente respecto a los criterios de adjudicación de subasta que debe seguir la Junta de Subastas del municipio:

a. Criterios de adjudicación — Cuando se trate de compras, construcción o suministros de servicios, la Junta adjudicará a favor del postor razonable más bajo. En el caso de ventas o arrendamiento de bienes muebles e inmuebles adjudicará a favor del postor más alto. La Junta hará las adjudicaciones tomando en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.

La Junta podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público. En este caso, la Junta deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifican tal adjudicación.

La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. **La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta.** Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones, de conformidad con el Artículo 1.050 de este Código. (Énfasis nuestro.)

Por su parte, la Sección 13 (3) del Reglamento Núm. 8873, establece lo que debe contener la notificación de adjudicación que realice la Junta de Subastas del municipio. En específico, la sección versa de la siguiente manera:

**La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información**:

a) nombre de los licitadores;

b) síntesis de las propuestas sometidas;

c) **factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos**;

d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación;

e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones. (Énfasis nuestro).

**III**

En el caso ante nuestra consideración, la parte recurrente nos plantea que la Junta de Subastas del Municipio de Adjuntas incidió al emitir una notificación de adjudicación de subasta defectuosa. Pues alega que estos no establecieron los factores o criterios que se tomaron en cuenta

para adjudicar la subasta; y/o los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos.  De entrada, puntualizamos que se desestima el recurso por falta de jurisdicción; veamos por qué.

Según surge del *Aviso de Adjudicación* del 2 de julio de julio de 2025, la Junta de Subastas del Municipio de Adjuntas adjudicó la buena pro a Santa Isabel Asphalt.  En el mismo escrito, la Junta de Subastas del Municipio de Adjuntas realizó el siguiente análisis respecto su adjudicación:

> Por lo tanto, salvaguardando lo[s] mejores intereses del Municipio de Adjuntas; la Junta de Subastas ha determinado que, según el Reglamento de Subastas, se adjudicará al que ofrezca el precio y las condiciones más ventajosas para el Municipio; conformes a las especificaciones[,] términos y condiciones [exigidas]. Por lo tanto, la Junta de Subastas por unanimidad adjudica el Reglón 7: Asfalto, a la compañía SANTA ISABEL ASPHALT, INC. Los servicios serán contratados ir la cantidad de $160.00 Asfalto regado y compactado en zona urbana/ toneladas, $160.00 Asfalto regado y compactado en zona rural/toneladas, $70.00 Escarificación metros cúbicos y $92.00 Asfalto recogido en planta/ toneladas.

Tras un estudio minucioso del *Aviso de Adjudicación* del 2 de julio de julio de 2025, resolvemos que la Junta de Subasta del Municipio de Adjuntas no les notificó a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta.  Resulta indispensable que se notifique adecuadamente cualquier determinación que afecte los intereses de un ciudadano.  Es por esto, que una notificación defectuosa nos priva de revisar una decisión administrativa.  Hasta tanto la Junta de Subastas del Municipio de Adjuntas notifique adecuadamente el *Aviso de Adjudicación*, el recurso de revisión resultará prematuro, y como foro apelativo,

careceremos de jurisdicción. En consecuencia, resolvemos que el presente recurso debe ser desestimado por defecto en la Notificación y que procede devolver el caso para que se notifique nuevamente conforme a derecho.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso por resultar defectuosa la notificación del *Aviso de Adjudicación* por parte de la Junta de Subastas del Municipio de Adjuntas y se devuelve el mismo para su corrección.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones