Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO CONDADO PLAZA<br><br>APELADOS<br><br>v<br><br>SUCESIÓN RYNALDO BARLETTA BLASINI, SUCESIÓN NAOMI BARLETTA BLASINI, SUCESIÓN AIDA EMMA BARLETTA BLASINI Y OTROS **PIEDRAS BLANCAS RENTAL, CORP.**<br><br>APELANTES | KLAN202500387 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2022CV09513<br><br>Sobre: Cobro de Dinero – Ordinario, Ley de Condominios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Bonilla Ortiz, el Juez Pagán Ocasio.

Pagán Ocasio, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2025.

## I.

El 5 de mayo de 2025, Piedras Blancas Rental, Corp. (Piedras Blancas o parte apelante) presentó el recurso de *Apelación* en el que solicitó que revoquemos la *Resolución* emitida el 25 de febrero de 2025, notificada digitalmente el 26 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario).[2] En el referido dictamen, luego del TPI evaluar los argumentos presentados por las partes, resolvió No Ha Lugar la *Solicitud de intervención* presentada por Piedras Blancas.

---

[1] Ver Orden Administrativa OATA2025-071 del 9 de mayo de 2025.
[2] Apéndice de la Apelación, Anejo 21, págs. 116-117.

El 15 de mayo de 2025, el Consejo de Titulares del Condominio Condado Plaza (Consejo de Titulares o parte apelada) radicó una *Moción solicitando desestimación por falta de perfeccionamiento del recurso* en el que argumentó que la parte apelante no le notificó a varios codemandados acerca de la presentación del recurso de *Apelación.*

El 20 de mayo de 2025, emitimos una *Resolución* en la que le concedimos a Piedras Blancas un breve término de cinco (5) días para que expusiera su posición ante la referida *Moción,* presentada por la parte apelada.

El 22 de mayo de 2025, la parte apelante presentó una *Posición de la parte apelante en torno a Moción solicitando desestimación por falta de perfeccionamiento del recurso presentada por la parte apelada Consejo de Titulares Condominio Condado Plaza* en la que solicitó que se devuelva el caso por prematuro ante el TPI y, a su vez, ordenemos que la *Resolución* apelada sea emitida como una *Sentencia Parcial* en cumplimiento con la Regla 42.3 de Procedimiento Civil, 32 LPRA, Ap. V, R. 42.3.

El 4 de junio de 2025, la parte apelada radicó una *Moción para que se exima de presentar alegato hasta que se resuelvan los asuntos dispositivos* en la que solicitó que se le exima de presentar su alegato en oposición hasta que se resuelvan los asuntos jurisdiccionales del presente caso.

El 5 de junio de 2025 emitimos una *Resolución* en la que declaramos Ha Lugar la solicitud presentada por la parte apelada, en torno a no presentar su alegato en oposición hasta tanto se diluciden los asuntos jurisdiccionales.

El 9 de junio de 2025, Piedras Blancas presentó una *Moción para enmendar el apéndice y en torno a última Moción presentada por la apelada* en la que alegó que el recurso de *Apelación* presentado por este es uno prematuro debido a que su derecho a

apelar no surge hasta tanto el TPI notifique correctamente el dictamen mediante en una *Sentencia Parcial* y no una *Resolución.* Además, solicitó que el TPI volviera a notificar la *Resolución* emitida debido a que no fueron notificadas las partes en rebeldía. Asimismo, argumentó que presentó el recurso de *Apelación* para preservar su derecho a apelar.

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el presente recurso, y, en adelante, pormenorizaremos los hechos procesales atinentes a la *Apelación.*

**II.**

El caso de marras tuvo su génesis cuando el 28 de octubre de 2022, el Consejo de Titulares presentó digitalmente una *Demanda* sobre cobro de dinero ordinario por alegadas deudas en las cuotas de mantenimiento, derramas, recargos y penalidades con relación al Apartamento 6A del Condominio Condado Plaza.[3] En dicha *Demanda,* la parte apelada incluyó a los propietarios y personas con interés del referido apartamento.

Luego de varios trámites procesales, el 24 de febrero de 2023, la parte apelada radicó una *Demanda Enmendada* en la que incluyó otros codemandados en el pleito, pero mantuvo las alegaciones previamente radicadas en la *Demanda.*[4]

Tras varios incidentes procesales, el 14 de junio de 2024, Piedras Blancas presentó una *Solicitud de intervención* en la que arguyó que suscribió un contrato de compraventa con los propietarios del apartamento en cuestión.[5] Cónsono con lo anterior, la parte apelante argumentó que intentó en varias ocasiones comunicarse con el Consejo de Titulares, con tal de obtener información acerca de las deudas que tuviera el Apartamento 6A,

---

[3] Véase la Anotación Judicial Núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo de Caso (SUMAC).
[4] Apéndice de la Apelación, Anejo 1, págs. 1-16.
[5] Íd., Anejo 2, págs. 17-24.

pero la comunicación fue infructuosa. Por otro lado, la parte apelante alegó que el Consejo de Titulares presentó la *Demanda* sin notificarle, pese a que tenía un derecho real sobre el inmueble. Asimismo, la parte apelante indicó que la deuda impugnada por el Consejo de Titulares no reflejaba la cuantía correcta. Por ende, ante su interés propietario con relación al Apartamento 6A, solicitó ser una parte interventora en el pleito.

El TPI emitió una *Orden* en la que ordenó que la parte apelada presentara su posición, en atención a la *Solicitud de intervención* presentada por Piedras Blancas, conforme la Regla 8.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 8.4.[6]

El 8 de julio de 2024, la parte apelada radicó una *Oposición a solicitud de intervención* en la que alegó que Piedras Blancas no tenía un interés propietario con el inmueble en controversia puesto que no existía un contrato de compraventa.[7] El Consejo de Titulares señaló que la parte apelante y el supuesto representante legal de los propietarios del Apartamento 6A, actuando en calidad representativa, suscribieron un *Contrato de Opción de Compra.* Por ende, la parte apelante no adquirió un derecho real sobre el apartamento en controversia. El Consejo de Titulares sostuvo que el reclamo de la parte apelante debió ser dirigido hacia los codemandados y el representante legal de los propietarios del Apartamento 6A y no a la parte apelada.

Luego de diversos trámites procesales innecesarios de pormenorizar, el 25 de febrero de 2025, notificada el 26 de febrero de 2025, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la *Solicitud de intervención* presentada por la parte apelante.[8] Ello,

---

[6] Íd., Anejo 3, pág. 25.
[7] Íd., Anejo 7, págs. 31-46.
[8] Íd., Anejo 21, págs. 116-117.

tras un análisis de las múltiples mociones presentadas por Piedras Blancas y la parte apelada.

El 12 de marzo de 2025, Piedras Blancas presentó una *Reconsideración* en la que arguyó que tenía un derecho propietario con relación al Apartamento 6A debido a que el contrato de *Opción de Compra* estaba revestido como un contrato de compraventa.[9] La parte apelante argumentó que, el referido contrato cumple con los requisitos esenciales para que se perfeccione un contrato de compraventa. A su vez, alegó que en el referido contrato estos pactaron cumplir con las obligaciones que emanan en ser vendedor y comprador. Además, Piedras Blancas señaló que en el expediente del caso se encontraba evidencia que acreditaba la importancia de ser incluida como parte interventora en el caso.

El 13 de marzo de 2025, el foro primario emitió una *Orden* en la que le concedió a la parte apelada un término de diez (10) días para que presentara su oposición a la *Reconsideración*.[10]

El 31 de marzo de 2025, la parte apelada presentó *Oposición a reconsideración* en la que alegó que Piedras Blancas no había constatado que existía una obligación contractual que ameritaba incluirla en la causa de acción como parte interventora.[11] Por tanto, la parte apelante no tenía un derecho real sobre el Apartamento 6A que fuese oponible ante terceros. Por otro lado, argumentó que Piedras Blancas no cumplió con los requisitos establecidos por nuestro ordenamiento jurídico en cuanto al contenido de una moción de reconsideración.

El 2 de abril de 2025, notificada el 3 de abril de 2025, el TPI emitió una *Resolución* en la que, tras evaluar las mociones

---

[9] Íd., Anejo 22, págs. 118-137.
[10] Íd., Anejo 23, pág. 138.
[11] Íd., Anejo 27, págs. 149-165.

presentadas por las partes, declaró No Ha Lugar la *Reconsideración* radicada por la parte apelante.[12]

Inconforme, la parte apelante presentó ante nos el recurso de *Apelación* en el que formuló los siguientes señalamientos de error:

Primer error: Erró el TPI al declarar No Ha Lugar a la solicitud de intervención de Piedras Blancas a tenor con la Regla 21.1(b) de Procedimiento Civil a pesar de los derechos adquiridos por la apelante sobre el apartamento 6A y de su autoridad para negociar y pagar las cuotas de mantenimiento objeto de la demanda de conformidad al contrato de ésta y el contador partidor el Lcdo. Miguel García Suárez.

Segundo error: Erró el TPI al denegar la intervención de Piedras Blancas en el caso de cobro de dinero sobre el cobro de las alegadas cuotas de mantenimiento del apartamento 6ª, a pesar de ésta haber pactado la compraventa del mismo y de haber invertido sobre $200,000.00 en éste entre pronto pago y remodelación, evidenciado tanto con el contrato como con su inversión, su derecho o interés sustancial en la propiedad o asunto en el litigio, el cual quedaría fatalmente afectado si no se le permite intervenir para que se adjudiquen sus defensas precisamente sobre la deuda reclamada por la demandante con relación al apartamento 6 A del Condominio Condado Plaza.

En síntesis, Piedras Blancas alegó que le ha sido vedado su derecho a intervenir en el caso. Asimismo, arguyó que el Consejo de Titulares realizó varios actos de interferencia torticera tras negarle el acceso al estado de cuenta del inmueble en cuestión. Además, indicó que de no ser incluida en el pleito se le afectaría su derecho real sobre el inmueble.

Empero, la parte apelada presentó ante esta Curia una *Moción solicitando desestimación por falta de perfeccionamiento del recurso* debido a que no fue notificada la totalidad de los codemandados con respecto al recurso de *Apelación* radicado por Piedras Blancas.

Tras diversas mociones presentadas, la parte apelante radicó *Moción para enmendar el apéndice y en torno a última Moción presentada por la apelada* en la que solicitó que el caso fuese devuelto al TPI puesto que emitió una *Resolución* y correspondía que la misma fuera una *Sentencia Parcial*. Ante ello, sostuvo que el

---

[12] Íd., Anejo 31, págs. 190-191.

presente recurso de *Apelación* es prematuro. Por otro lado, señaló que el TPI no le notificó a las partes en rebeldía del pleito acerca de la *Resolución* apelada.

## III.

## A.

La Carta de Derechos de la Constitución del Estado Libre Asociado de Puerto Rico establece que, ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley, ni se negará a persona alguna en Puerto Rico la igual protección de las leyes. Art II, Sec. 7, **Const. ELA** [Const. PR], LPRA, Tomo 1. El debido proceso de ley tiene dos vertientes que son: sustantiva y procesal. El debido proceso de ley sustantivo los tribunales están obligados a examinar la validez de una ley, a la luz de los preceptos constitucionales pertinentes, con el propósito de proteger los derechos fundamentales de las personas. ***Rivera Rodriguez & Co. v. Stowell Taylor***, 133 DPR 881, 887 (1999). Por otro lado, el debido proceso de ley en su vertiente procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo. ***Rivera Rodriguez & Co. v. Stowell Taylor***, supra, pág. 888. Además, el debido proceso de ley exige la notificación adecuada de las sentencias, resoluciones u órdenes a todas las partes del pleito. ***Berríos Fernández v. Vázquez Botet***, 196 DPR 245, 250 (2016); ***Dávila Pollock et als. v. R.F. Mortgage***, 182 DPR 86, 94 (2011). Ante ello la notificación de una sentencia o resolución debe cumplir con la Regla 46 de Procedimiento Civil, *supra*, R. 46, la cual establece que,

> Será deber del Secretario o de la Secretaria notificar a la mayor brevedad posible, dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos, Procedimientos y Providencias Interlocutorias constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en

autos copia de su notificación a todas las partes y el término para apelar empezará a transcurrir a partir de la fecha de dicho archivo.

La notificación de un dictamen judicial es un requisito con el que se debe cumplir de modo tal que el ciudadano afectado se pueda enterar de la decisión que se ha tomado en su contra. *Plan Salud Union v. Seaboard Sur. Co.*, 182 DPR 714, 722 (2011). El Tribunal Supremo ha mencionado que, "en reiteradas ocasiones hemos expresado que el propósito que sirve la notificación es proteger el derecho de procurar la revisión judicial de la parte afectada por un dictamen a quo adverso". *Plan Salud Union v. Seaboard Sur. Co.*, supra, pág. 723; citando a *Hosp. Dr. Domínguez v. Ryder*, 161 D.P.R. 341, 345 (2004). La falta de una notificación adecuada y a tiempo de cualquier resolución, orden o sentencia, afectaría el derecho de una parte a cuestionar la resolución, orden o sentencia dictada, lacerando así las garantías del debido proceso de ley. *Caro v. Cardona*, 158 DPR 592, 598 (2003). Además, la falta de notificación podría lacerar el derecho de una parte a cuestionar el dictamen emitido [...]. *Plan Salud Union v. Seaboard Sur. Co.*, 182 DPR 714, 722 (2011). Ello, debido a que la notificación es parte integral del sistema judicial y es a partir de la notificación en el que comienzan a decursar los términos para recurrir de una determinación final. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 502 (2019).

**B.**

En nuestro sistema judicial, el derecho a apelar es un derecho estatutario y no de rango constitucional. *Pérez Soto v. Cantera Perez, Inc.*, 188 DPR 98, 104 (2013). El Art. 4.002 de la Ley de la Judicatura del Estado Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24u, establece que este Tribunal de Apelaciones tendrá jurisdicción y competencia para revisar "como cuestión de derecho, las sentencias finales del

Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia". El Tribunal Supremo ha expresado que, "los tribunales deben ser celosos guardianes de su jurisdicción y que tienen el deber de velar por que los recursos se perfeccionen de forma que les sea posible atenderlos". *Pérez Soto v. Cantera Perez, Inc.*, supra. pág. 105. Asimismo, este Tribunal de Apelaciones no puede asumir jurisdicción donde no la hay. *Morán v. Martí*, 165 DPR 356, 364 (2005). Las cuestiones relacionadas a la jurisdicción, al ser privilegiadas, deben resolverse con preferencia a cualquier otra. *Morán v. Martí*, supra, pág. 364.

El perfeccionamiento de un recurso de apelación ante el foro apelativo intermedio es necesario para la oportuna notificación y presentación del recurso. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1071 (2019). Véase, *Morán v. Martí*, supra, pág. 367; *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873(2007). La falta de oportuna notificación a todas las partes en el litigio conlleva la desestimación del recurso de apelación. *González Pagán v. Moret Guevara*, supra, pág. 1071; *SLG Szendrey-Ramos v. F. Castillo*, supra, págs. 881–883.

## IV.

En el caso de marras, el TPI atendió los argumentos planteados por la parte apelante y el Consejo de Titulares a raíz de la presentación de una *Solicitud de intervención* radicada por Piedras Blancas. La parte apelante razonó que tenía un interés propietario sobre el apartamento en controversia y que de no ser incluida en el pleito se afectaría su derecho real. Empero, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la *Solicitud de intervención.*

En desacuerdo, la parte apelante recurrió ante nos impugnando la *Resolución* emitida por el TPI.

No obstante, el Consejo de Titulares trajo a nuestra atención que, la parte apelante no le notificó a varios codemandados acerca de la presentación del recurso de *Apelación* ante nuestra consideración. Por ende, procedía desestimar la *Apelación* por falta de jurisdicción ante la falta de perfeccionamiento del recurso. Por su parte, **Piedras Blancas aceptó que la *Apelación* que radicó fue una prematura**. En esa línea, la parte apelante argumentó que presentó la *Apelación* para preservar su derecho a apelar. Asimismo, señaló que la *Resolución* emitida por el TPI <u>no</u> fue notificada a todas a las partes en rebeldía. Sin embargo, nos solicitó que ordenemos al TPI que remitiera la *Resolución* como una *Sentencia Parcial* puesto que la denegatoria de la intervención cumple con los requisitos estatutarios de una *Sentencia Parcial*.

Tras un análisis objetivo, sereno y cuidadoso del expediente en su totalidad, resolvemos que no tenemos jurisdicción para intervenir toda vez que la *Resolución* recurrida no fue notificada conforme a derecho.

De las normas jurídicas pormenorizadas precedentemente, el TPI tiene la obligación de cumplir en notificar a todas las partes acerca del dictamen que emita para que la totalidad de las partes en el litigio advengan en conocimiento de la decisión resuelta por el foro primario. Además, dicha notificación permite que una parte pueda acudir ante esta Curia para impugnar el dictamen emitido. De lo contrario, la falta de notificación impide que podamos intervenir en los méritos del asunto y que la parte adversamente afectada pueda recurrir ante nos. Destacamos que, para el perfeccionamiento de un recurso apelativo debe cumplirse con la presentación del recurso y la notificación de este a las partes. Ello, para que este Tribunal de Apelaciones pueda tener jurisdicción sobre el recurso de apelación presentado para poder ejercer nuestra función apelativa.

Consecuentemente, resolvemos que debemos devolver el caso ante el TPI para que vuelva a notificar la *Resolución* emitida, en virtud de que las partes en rebeldía no fueron notificadas de la referida *Resolución.* Es menester señalar que, el TPI debe notificarle a **todas** las partes del caso. Además, esta Curia no tiene jurisdicción para intervenir en los méritos debido a que la falta de notificación adecuada produjo que no comenzara a transcurrir el término para acudir en apelación para las partes en rebeldía. Ante ello, procede la desestimación del recurso de *Apelación.*

**V.**

Por los fundamentos que anteceden, desestimamos el recurso por falta de jurisdicción. Devolvemos el caso ante el TPI para que actúe conforme a derecho.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones