ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| CARLOS PABÓN SOUCHET, CHRYSTAL N. GARCÍA<br><br>Parte Recurrida<br><br>v.<br><br>AMERICAN LEADING FINANCE LLC. VIC & MIKE ENTERPRISES, INC. VIC & MIKE AUTO<br><br>Parte Recurrente | TA2025AP00048 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos del Consumidor Oficina Regional de Ponce<br><br>Caso Núm.: PON-2024-0005726<br><br>Sobre: Compra Venta de Vehículos de Motor |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de julio de 2025.

Comparece ante *nos*, VIC & MIKE Enterprises Inc., VIC & MIKE Auto (recurrente) y nos solicita que revisemos una *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACO), el 28 de marzo de 2025 y notificada el 31 de marzo de 2025. Mediante dicho dictamen, el DACO declaró *Ha Lugar* la *Querella* y, en consecuencia, ordenó traspasar el vehículo Hyundai Tucson 2017, saldar la deuda de $9,397.49 con American Leading Finance LLC, reembolsar $424.05 por concepto de multas y peajes y el pago de $800.00 por inconvenientes sufridos por Carlos Pabón Souchet y Chrystal N. García (recurridos).

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

**I.**

Surge del expediente ante nuestra consideración que, el 12 de diciembre de 2024, la parte recurrida presentó una *Querella* ante el DACO en contra de la parte recurrente. Alegó que la parte recurrente aceptó como *trade in* su vehículo Hyundai Tucson 2017 y no realizó el traspaso, ni pagó la deuda pendiente. Indicó, además, que el vehículo fue entregado a los vendedores Francisco Marrero y Marcos Reyes en las instalaciones de la parte recurrente. Esbozó que se comunicó con la parte recurrente, quien le indicó que no se comunicara más, ya que el vehículo no había sido dado en *trade in.*

Luego de varios incidentes procesales, el 20 de febrero de 2025, el DACO celebró la Vista Administrativa. Eventualmente, el 28 de marzo de 2025, notificada el 31 de marzo de 2025, el DACO emitió una *Resolución* mediante la cual declaró *Ha Lugar* la *Querella* que presentó la parte recurrida. Además, el DACO concluyó que la parte recurrente, a través de los actos de sus empleados, incurrió en una práctica engañosa para con la parte recurrida. En consecuencia, ordenó traspasar el vehículo Hyundai Tucson 2017, realizar el pago del balance adeudado de $9,397.49 con American Leading Finance LLC, reembolsar $424.05 por concepto de multas y peajes y el pago de $800.00 por inconvenientes sufridos por la parte recurrida.

Inconforme, el 24 de abril de 2025, la parte recurrente presentó ante el DACO una *Moción en Solicitud de Reconsideración de Resolución.* El 2 de mayo de 2025, el DACO acusó recibo de la presentación de la solicitud de reconsideración. Inconforme aun, el 24 de junio de 2025, la parte recurrente presentó una *Revisión de Resolución Administrativa* y alegó la comisión de los siguientes errores:

> **PRIMER ERROR:** Imputación de responsabilidad sin vínculo contractual. Erró el Departamento de Asuntos del Consumidor al interpretar que existía un contrato

válido entre VIC & MIKE AUTO y los querellantes respecto a la entrega del vehículo Hyundai Tucson como parte de pago ('trade-in'). No consta evidencia documental que demuestre la existencia de tal contrato ni su aceptación por parte del concesionario. Conforme al Artículo 1237 del Código Civil de Puerto Rico (Ley 55-2020), un contrato requiere consentimiento, objeto y causa. En ausencia de cualquiera de estos elementos, no puede hablarse de obligación válida. DACO basó su decisión en presunciones y no en hechos probados, violando principios esenciales del derecho contractual.

**SEGUNDO ERROR**: Imputación de actos de empleados fuera del marco funcional DACO imputó responsabilidad a VIC & MIKE AUTO por las acciones del Sr. Marcos Reyes, empleado que actuó fuera del marco de sus funciones. En el caso Hernández v. Televicentro, 168 DPR 803 (2006), el Tribunal Supremo de Puerto Rico estableció que el patrono no responde por actos realizados fuera del ámbito de empleo y en beneficio personal del empleado. Reyes actuó sin autorización, en un negocio privado con el querellante. Su conducta no puede ser imputada a la empresa bajo doctrina de responsabilidad vicaria.

**TERCER ERROR:** No se demostró que el dealer recibió beneficio alguno. El principio de enriquecimiento injusto requiere que se evidencie beneficio económico obtenido sin justa causa. DACO no logró demostrar que VIC & MIKE AUTO haya recibido compensación económica, ventaja comercial o provecho alguno como resultado de la entrega del Hyundai Tucson. El vehículo nunca fue traspasado, inventariado ni revendido por el concesionario. La mera entrega física no implica adquisición ni beneficio, como sostuvo el Tribunal en Abengoa, S.A. v. American Intl. Ins., 176 DPR 512 (2009).

**CUARTO ERROR:** Imposición de una obligación contractual inexistente. DACO impuso una obligación de traspasar el Hyundai Tucson a la parte apelante sin base contractual. No se firmó documento alguno entre los querellantes y la empresa que estableciera obligación contractual con respecto a dicho vehículo. Toda la evidencia apunta a una gestión privada del vendedor. Al no cumplirse los requisitos contractuales, imponer dicha obligación es contrario a derecho.

**QUINTO ERROR:** Improcedencia de sanciones económicas La resolución impone el pago de $1,224.05 por conceptos de multas e inconvenientes sin establecer negligencia, culpa o dolo por parte de VIC & MIKE AUTO. El debido proceso exige que toda sanción administrativa esté debidamente fundamentada. En ausencia de prueba concluyente que demuestre participación de la empresa, tales sanciones son improcedentes y violatorias del derecho administrativo aplicable.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction, LLC*, 214 DPR 432 (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu propio*. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada*

*Sánchez et al. v. JCA,* 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado,* 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza,* 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al., supra*; *González Santos v. Bourns P.R., Inc.,* 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage,* 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra,* pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.* Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC, supra* citando a *Maldonado v. Junta Planificación,* 171 DPR 46 (2007).

De conformidad con lo anterior, si un recurso de apelación se presenta luego del término que provee la ley para recurrir, el mismo debe desestimarse por ser un recurso tardío. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022); *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). La

presentación tardía del recurso adolece del defecto insubsanable de privar de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra; Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). Así pues, la desestimación de un recurso tardío es final, por lo que priva fatalmente a la parte de presentarlo nuevamente, ante cualquier Foro.

Lo determinante para concluir si un recurso es tardío, es su fecha de presentación. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra; Mun. de Rincón v. Velázquez Muñiz,* 192 DPR 989,1018 (2015). Consecuentemente, se debe cumplir estrictamente todo el procedimiento para apelar o, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto. *Pueblo v. Rivera Ortiz, supra.* Véase, además, *Pueblo v. Ríos Nieves, supra; Pueblo v. Prieto Maysonet,* 103 DPR 102, 105 (1974).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

Así, también, es norma reiterada que el perfeccionamiento adecuado de los recursos ante este Tribunal debe observarse rigurosamente. *Hernández Maldonado v. Taco Maker,* 181 DPR 281 (2011); *García Ramis v. Serrallés,* 171 DPR 250 (2007).

### B. La solicitud de reconsideración

La Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, (3 LPRA sec. 9655) (LPAU), establece, entre otras cosas, que:

> [l]a parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la

resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.

Así, la Sección 3.15 de la LPAU, *supra,* permite a la parte adversamente afectada por un dictamen administrativo, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración. Consecuentemente, la petición de reconsideración presentada ante la agencia interrumpe el término para solicitar la revisión judicial del dictamen administrativo. *Hosp. Dr. Domínguez, Inc. v. Ryder,* 161 DPR 341 (2004). Ahora bien, el efecto interruptor de la solicitud de reconsideración no es automático. La interrupción "ocurrirá siempre y cuando se cumplan con los requisitos de fondo expuestos en la regla*". Rivera Marcucci v. Suiza Dairy,* 196 DPR 157 (2016).

**III.**

En el presente caso, surge del expediente ante nuestra consideración que el DACO emitió una *Resolución* el 28 de marzo de 2025, la cual fue notificada a las partes el 31 de marzo de 2025. A partir del 31 de marzo de 2025, comenzó a transcurrir el término de veinte (20) días para que la parte recurrente presentara su solicitud de reconsideración ante el DACO o en la alternativa, presentara su

recurso de revisión judicial ante este Tribunal apelativo intermedio, en el término de treinta (30) días. La parte recurrente optó por presentar una solicitud de reconsideración ante la agencia. Sin embargo, esta fue presentada el 24 de abril de 2025; es decir, tres (3) días tarde. Esto, pues el término de veinte (20) días venció el 21 de abril de 2025, por ser el 20 de abril de 2025 domingo.

Así pues, resolvemos que carecemos de jurisdicción para atender el recurso presentado. La *Moción en Solicitud de Reconsideración de Resolución* que presentó la parte recurrida ante el DACO fue presentada de forma tardía, por lo que no se interrumpió el término para solicitar la revisión judicial del dictamen administrativo. Habiéndose presentado el recurso ante este Tribunal el 24 de junio de 2025, cincuenta y cinco (55) días luego de vencido el término de treinta (30) días dispuesto en la Sección 3.15 de la LPAU, *supra*, nos vemos imposibilitados de ejercer nuestras facultades revisoras. Lo anterior conlleva la desestimación del recurso presente al amparo de la Regla 83 (B) del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso de revisión judicial por falta de jurisdicción por tardío.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones